Argued and submitted January 14, affirmed September 28, 2005

Paula MARINEAU,
Personal Representative of the Estate of
Nichlaus H. Marineau, Deceased,
*Appellant,*

*v.*

A. P. GREEN REFRACTORIES CO.,
a Delaware corporation,
individually and as successor-in-interest to E. J. Bartells;
Patterson Dental Supply,
a Minnesota corporation;
Dental Resources,
an assumed business name;
Dental Resources Service,
an assumed business name;
J B Dental Supply Co., Inc.,
a California corporation,
formerly known as Passmore J. B. Dental Supply Co.,
*Defendants,*

*and*

WHIP MIX CORPORATION,
a Kentucky corporation,
*Respondent.*

0108-08417; A122321

120 P3d 916

Meagan A. Flynn argued the cause for appellant. With her on the briefs was Preston Bunnell & Stone, LLP.

Todd S. Baran argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim* and Schuman, Judges.

EDMONDS, P. J.

---

* Wollheim, J., *vice* Richardson, S. J.

## EDMONDS, P. J.

Plaintiff, the personal representative of the estate of Nicklaus Marineau, appeals after the trial court, pursuant to ORCP 47, dismissed her action for wrongful death allegedly resulting from exposure to asbestos in a product manufactured by defendant. This appeal concerns the enforcement of a general order adopted by the Multnomah County Circuit Court that applies to all cases that allege damages resulting from asbestos exposure. We affirm for the reasons that follow.

On August 16, 2001, plaintiff filed a complaint for wrongful death against defendants based on an alleged exposure to asbestos. On August 31, 2001, the Multnomah County Circuit Court promulgated a General Order regarding pleading in such cases that applies, by its terms, to plaintiff's action. The General Order authorizes plaintiffs to file complaints that do not identify the asbestos product that is alleged to have caused the plaintiff's harm or allege the details of causation, provided that a plaintiff later furnish a product identification report that includes not only the name of the product but "the date(s) of exposure, the duration of exposure, the job site or other site of exposure, * * * and the connection of the defendant with that exposure." Under the order, no product identification report need be furnished if the complaint is pleaded "in a manner that complies with Oregon's 'fact pleading' requirement." If neither requirement is met, then the order provides that the plaintiffs are barred from offering product identification evidence in response to a summary judgment motion or at trial.

The trial court granted summary judgment to defendants after plaintiff failed to produce a product identification report within the time prescribed by the General Order.[1] In opposition to defendant Whip Mix Corporation's motion for summary judgment, plaintiff attached an affidavit that provided much of the missing product and causation information. In turn, defendant argued that the affidavit and product

---

[1] The order requires the report "[b]y not later than 60 days after filing the complaint or 10 days after service of process, whichever is later[.]" It permits a plaintiff to file and serve an amended report "by not later than 105 days before trial[.]"

identification information should be struck from the record because of plaintiff's failure to follow the provisions of the General Order. At the summary judgment hearing, 12 days before trial, plaintiff's counsel argued that, had plaintiff proceeded solely under the Oregon Rules of Civil Procedure, she would have had ample opportunity to amend her pleading before trial. The trial court pointed out that plaintiff had not sought leave to amend. Plaintiff's counsel then requested leave to amend plaintiff's complaint. The trial court denied that motion for several reasons, including plaintiff's failure to file a written motion.[2]

The trial court viewed the issues arising at the summary judgment hearing solely as pleading issues:

> "[T]he problem here is that Defendants rely on the pleadings. Defendants are always entitled to rely on the pleadings. And if the pleadings aren't sufficient enough to prepare a defense, to adequately defend, the defendants do not file motions to make more definite and certain because of this unusual procedure we've created that is designed for the benefit of all the litigants, the plaintiffs and the defendants.

> "And when the plaintiffs want to take advantage of being able to plead very generally, more generally than might otherwise be sufficient, and the defendants don't challenge that pleading with a motion to make more definite and certain because the defendants have every right to rely on the fact that they're going to get more specific pleadings with a product ID statement, * * *

> "So the system has worked pretty well, but the problem here is the reliance by the defendants on the expectation that they're going to get more specific pleadings. So they really do not challenge your more general and insufficient pleadings when they are insufficient, because they're expecting something more as the general order says.

> "And when plaintiffs want to take advantage of the opportunity to plead very generally and then do not take the second step, which they don't have to do if they'd been more specific in the first place, then that's the problem. And

---

[2] ORCP 14 A provides, in part: "Every motion, unless made during trial, shall be in writing[.]"

when we get down to the short strokes, that is, where we're too late before trial, then it's not fair. * * *

"So it's not a causation issue. It's not a damages issue. The question is whether you got evidence that you're entitled to offer considering your pleadings."

Ultimately, the trial court ruled that plaintiff's complaint failed to allege specific factual allegations as to defendant regarding the product at issue or the nature of the claimed exposure. Because plaintiff had not filed and served a product identification report as contemplated by the General Order or a timely motion to amend the complaint to meet Oregon's fact pleading requirements,[3] the trial court granted defendant's motion for summary judgment:

"I'm going to grant the motion for summary judgment.

"With respect to findings about why this drastic remedy is appropriate, we are 12 days before trial. This motion for summary judgment was filed some—I assume 45 days before trial or there would have been a challenge to it on that basis. This case is almost two years old. Discovery is completed. The discovery cutoff date has passed. It is prejudicial to the defendant.

"I also might note that in the bigger picture in terms of the case management issues which I rely on in my inherent authority to manage the cases[.]

---

[3] ORCP 23 A provides:

"A pleading may be amended by a party once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. Whenever an amended pleading is filed, it shall be served upon all parties who are not in default, but as to all parties who are in default or against whom a default previously has been entered, judgment may be rendered in accordance with the prayer of the original pleading served upon them; and neither the amended pleading nor the process thereon need be served upon such parties in default unless the amended pleading asks for additional relief against the parties in default."

ORCP 23 D provides:

"When any pleading is amended before trial, mere clerical errors excepted, it shall be done by filing a new pleading, to be called the amended pleading, or by interlineation, deletion, or otherwise. Such amended pleading shall be complete in itself, without reference to the original or any preceding amended one."

"* * * * *

"So, if the lawyers want to plead without filing—if the plaintiffs want to plead without filing product ID statements, they're perfectly entitled to do that, as long as they plead sufficiently, or if they provided some notice to the defendant that they ought not rely on the case management orders * * * then that would be one thing. But that's not where we are some 20-plus months after the case was filed. So that's why I'm granting the motion for summary judgment."

On appeal, plaintiff makes three assignments of error: (1) "The Court erred in granting defendant's motion for summary judgment[;]" (2) "The Court erred. in refusing to allow plaintiff to amend her pleadings to specify the * * * product to which [the decedent] was exposed[;]" and (3) "The trial court erred in ordering a dismissal with prejudice to punish plaintiff for failing to plead the 'product at issue or the nature of the claimed exposure.' " Plaintiff makes a number of arguments under these assignments, but as described below, the issue properly before this court is much more narrow than the above assignments would suggest.

■ In deciding plaintiff's appeal, we are mindful that the doctrine of preservation requires appellants to raise an issue to the trial court before we will review it on appeal. *See* ORAP 5.45. Our review of the trial court record reveals that plaintiff's opposition to defendant's motion for summary judgment pertaining to the trial court's authority to enforce the General Order consisted of oral argument to the trial court and two footnotes in her trial brief. Those two footnotes effectively summarize the issues she framed for the trial court to decide. The first footnote states,

"Although not necessary to resolution of this case, plaintiff maintains that the court lacks authority to require by general order a level of pleading or discovery different from that provided for in the Rules of Civil Procedure."

The second footnote states,

"For the sake of preserving an argument that this Court has previously rejected, plaintiff asserts that the extent of a court's authority to dismiss an action for failing to follow a court order is defined by the source of authority to issue the

underlying order. Although this Court may have authority to issue the *General Order* as a substitute for the Rule 21 process, authority to dismiss a case for lack of compliance would be limited to the circumstances under which Rule 21 permits dismissal—namely an individualized determination that the allegations are not sufficiently definite and certain followed by a failure to correct that insufficiency. If the General Order is, instead, based on the court's inherent power recognized in ORS 1.010, dismissal is not a permitted sanction at all."

Based on the above material and the transcript of oral argument, we understand plaintiff not to have contested below the trial court's authority to promulgate a general order that applies to asbestos cases. Rather, plaintiff's argument to the trial court appears to have been that any enforcement of the General Order must be consistent with the Oregon Rules of Civil Procedure. We agree with that proposition. ORCP 1 D provides, in part, that the Oregon Rules of Civil Procedure "do not preclude a court in which they apply from regulating pleading, practice and procedure in any manner not inconsistent with these rules." Plaintiff urges therefore that the trial court erroneously exercised its authority by granting summary judgment to defendant without giving her an additional opportunity to correct any insufficiency in the complaint. Because that issue is the only issue raised in the trial court regarding its authority to dismiss plaintiff's complaint, we reject plaintiff's other contentions made on appeal for lack of preservation.

■     Under the Oregon Rules of Civil Procedure, a plaintiff can amend a complaint without leave of the court "at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, the party may so amend it at any time within 20 days after it is served." ORCP 23 A. A defendant is required to file a motion or answer to the complaint within 30 days from the date of service. ORCP 15 A; ORCP 7 C(2). Under the General Order, plaintiff was permitted to file a product identification report—essentially amending her complaint—"[b]y not later than 60 days after filing the complaint or 10 days after service of process, whichever is later[.]" Further, plaintiff was permitted under the General Order to amend the product

identification report "by not later than 105 days before trial." Court permission was not required for either filing. The General Order's provisions for plaintiff to amend without leave of the court are consistent with, although more generous than, the Oregon Rules of Civil Procedure. Therefore, plaintiff cannot reasonably complain that the trial court was required to give her an additional opportunity to correct the insufficiency in her pleading to be consistent with the Oregon Rules of Civil Procedure. Plaintiff also argues that ordinarily she would have the opportunity to amend her complaint in response to a motion to make more definite and certain pursuant to an ORCP 21 D motion. However, the product identification report supplants the need for an ORCP 21 D motion and, therefore, the General Order is not "inconsistent" with the Oregon Rules of Civil Procedure.[4]

■ Having found no inconsistency between the General Order and the Oregon Rules of Civil Procedure, we inquire whether the trial court erred in granting summary judgment as a result of plaintiff's failure to comply with the General Order. Plaintiff's complaint does not allege which of defendant's products exposed plaintiff's decedent to asbestos or any other facts relating to asbestos exposure that the General Order contemplates will be disclosed either by the complaint or by the product identification report. Without such allegations, the complaint does not state a claim against defendant Whip Mix. Even so, plaintiff had an opportunity under the General Order to cure this pleading defect by providing a product identification report that complied with the requirements of the order not later than 60 days after the filing of the complaint. However, almost two years went by before plaintiff filed such a report, and even then, plaintiff

---

[4] Section 3 of the General Order provides, in part:

"c. **Contents of report:** The product identification report shall list the employer, if any, the date(s) of exposure, the duration of exposure, the job site or other site of exposure, the product to which plaintiff was exposed, and the connection of the defendant with that exposure. *If some of this information is not know[n] to the plaintiff or plaintiff's counsel, so much as is known shall be included. Any defendant who believes plaintiff's product identification is insufficient to adequately apprise defendant of plaintiff's claims may file an ORCP 21 motion.*"

(Emphasis added.)

only filed it when forced to respond to defendant's motion for summary judgment.

The trial court properly enforced the General Order and struck plaintiff's affidavit—which was not within the scope of the pleadings—from the summary judgment record. Section 3 of the General Order provides, in part:

> "f. **Failure to produce any product identification:** If plaintiff fails to produce any product identification as to a particular product and a particular defendant in a timely manner (or does not otherwise plead the Complaint in a manner that complies with Oregon's 'fact pleading' requirement) as required by this General Order, unless the Court allows plaintiff to file and serve an amended product identification report, pursuant to the standards set forth in ORCP 23A, plaintiff shall not be permitted to offer product identification evidence as to a particular product and a particular defendant in response to motions for summary judgment or at trial."

As a result, defendant's motion for summary judgment under ORCP 47 C was essentially unopposed, and the trial court appropriately granted the motion.

■ Nonetheless, plaintiff argues that the trial court was obligated to allow plaintiff to correct her pleading defects (and, consequently, the evidentiary deficiencies) in response to defendant's summary judgment motion. The Oregon Rules of Civil Procedure allow plaintiffs to amend as a matter of course before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, within 20 days after it is served. ORCP 23 A. *"Otherwise, a party may amend the pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Id.* (emphasis added). Plaintiff did not have a right to amend in response to summary judgment; rather, leave to amend was a matter entrusted to the discretion of the trial court.

■ Under the circumstances, we conclude that the trial court's denial of plaintiff's motion to amend was well within its discretion under ORCP 23 A. To allow plaintiff's motion

would effectively have written an escape clause into the General Order and eviscerated the purpose of the order. The General Order, according to its terms, is intended to

> "simplify the pleading of these claims and to assist defendants in evaluating their potential liability by requiring plaintiffs to supply sufficient information about the claims plaintiff expects to present at trial so as to enable defendants to defend plaintiff's claims."

Moreover, under plaintiff's construction of the General Order, plaintiff would have received the benefit of simplifying the pleading of her claim, but would have been relieved of the reciprocal obligation imposed by the order to supply defendant with information about plaintiff's claim in a timely fashion, so as to enable defendant to defend against plaintiff's claim on its merits in a summary judgment proceeding. Considering the timing of plaintiff's motion for leave, the prejudice that would have resulted to defendant, and the impact that leave would have had on the efficacy of the General Order, we do not believe that the trial court abused its discretion in determining that justice did not require leave to amend.

For the above reasons, we conclude that the trial court did not err in granting summary judgment to defendant.

Affirmed.